UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RYAN KELLY,

    Plaintiff,

  -against-

COUNTY OF ONONDAGA,
JOHN UZUNOFF and JAMES QUIGLEY,

    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

9:20-CV-1335 (MAD/DJS)

Plaintiff Demands
A Trial By Jury

  Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

  1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

  2. That plaintiff currently resides in the County of Onondaga, State of New York.

  3. That at all times herein mentioned, defendant County of Onondaga (hereinafter "the County") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

  4. That at all times herein mentioned, defendant John Uzunoff (hereinafter "Uzunoff") was and is a deputy sheriff employed by the County.

  5. That at all times herein mentioned, Uzunoff was acting within the course and scope of his employment with the County.

  6. That at all times herein mentioned, Uzunoff was acting under color of state law.

  7. That at all times herein mentioned, defendant James Quigley (hereinafter "Quigley") was and is a deputy sheriff employed by the County.

8. That at all times herein mentioned, Quigley was acting within the course and scope of his employment with the County.

9. That at all times herein mentioned, Quigley was acting under color of state law.

10. That prior to the institution of this action, and within ninety days of the accrual of the causes of action herein, a notice of claim and intention to sue was duly served upon and filed with the County; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and defendants have neglected and/or refused to make adjustment or payment thereon; and this action is being commenced within one year and ninety days after the causes of action accrued herein.

11. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

12. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

13. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

14. That at all times herein mentioned, the County owned, operated, managed, maintained, and supervised a detention/correctional facility known as the Onondaga County Justice Center (hereinafter "the Justice Center"), located in the City of Syracuse, County of Onondaga, State of New York.

15. That at all times herein mentioned, plaintiff was incarcerated at and under the care, custody, and control of the Justice Center.

16. That on or about July 29, 2019, an altercation broke out between detainees at the Justice Center.

17. That plaintiff neither participated in nor was involved in the aforesaid altercation.

18. That Uzunoff and Quigley, and possibly other officers employed by the County (Uzunoff, Quigley, and the other officers hereinafter referred to collectively as "the officers"), responded to the aforesaid altercation.

21. That the officers, upon responding to the aforesaid altercation, failed to take reasonable steps or to exercise reasonable care in assessing the situation, assessing plaintiff's connection to or involvement with the altercation, or assessing whether any use of force against plaintiff was warranted, necessary, or justified.

19. That upon responding to the aforesaid altercation, the officers, without provocation and without plaintiff's consent, used force against plaintiff that was offensive, excessive, and unjustified.

20. That the force used against plaintiff by the officers included, but was not limited to, seizing plaintiff from a chair, slamming plaintiff face down into the ground, and jamming their knees into plaintiff's neck and back.

21. That immediately prior to and during this use of force, the officers disregarded and ignored warnings and advice from fellow officers that plaintiff was not involved in the aforesaid altercation between other detainees.

22. That Uzunoff and Quigley observed the unjustified and excessive force used against plaintiff by their fellow officer(s), had a reasonable opportunity to intervene to prevent or stop that use of force, but deliberately failed and refused to intervene to prevent or stop that use of force.

23. That the actions of Uzunoff and Quigley were intentional, sadistic, and malicious in nature and not in furtherance of any legitimate penological interest.

24. That alternatively, the actions of Uzunoff, Quigley, and the other officers were negligent and reckless in nature and not in furtherance of any legitimate penological interest.

25. That as a result of the aforementioned use of force by the officers, plaintiff sustained psychological and physical injuries, including but not limited to fractured teeth and injuries to his neck and back, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will incur medical expenses and other economic loss, and has been otherwise damaged.

26. That the causes of action alleged herein fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

## FIRST CAUSE OF ACTION AGAINST UZUNOFF and QUIGLEY
### (42 USC § 1983)

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. That the aforementioned acts by Uzunoff and Quigley deprived plaintiff of his right to due process guaranteed under the Fifth and Fourteenth Amendments to the

U.S. Constitution, and his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the U.S. Constitution.

29. That as a result thereof, plaintiff is entitled to recover damages from Uzunoff and Quigley pursuant to 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Assault and Battery Under New York State Law)**

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. That the aforementioned acts by Uzunoff, Quigley, and the other officers constituted an assault and battery under New York State law, for which Uzunoff, Quigley, and the other officers are liable under New York State law, and for which the County is vicariously liable under the doctrine of *respondeat superior*.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Negligence and Recklessness Under New York State Law)**

32. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33. That the aforementioned acts by Uzunoff, Quigley, and the other officers constituted negligence and recklessness under New York State law, for which Uzunoff, Quigley, and the other officers are liable under New York State law, and for which the County is vicariously liable under the doctrine of *respondeat superior*.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, for compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against defendants Uzunoff and

Quigley pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
       October 27, 2020

                                      Yours, etc.
                                      Sivin, Miller & Roche LLP

                                      By_____
                                        Edward Sivin
                                      Bar Roll Number: 514765
                                      Attorneys for Plaintiff
                                      Sivin, Miller & Roche LLP
                                      20 Vesey Street, Suite 1400
                                      New York, NY 10007
                                      Telephone: (212) 349-0300
                                      E-mail: esivin@sivinandmiller.com